# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.:

NOELLE ERACE, individually,

      Plaintiff,

v.

LR MIAMI AIRPORT HOTEL, LLC
d/b/a PULLMAN MIAMI AIRPORT HOTEL
a/k/a PULLMAN HOTEL AND RESORTS,
a/k/a MIAMI PULLMAN HOTEL, a foreign
limited liability company, and
TPG HOTELS & RESORTS, INC., a foreign
Corporation a/k/a TPG HOSPITALITY,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Noelle Erace ("Plaintiff" or "Erace"), sues Defendants, LR Miami Airport Hotel, LLC d/b/a Pullman Miami Airport Hotel a/k/a Pullman Hotel and Resorts a/k/a Miami Pullman Hotel ("Pullman"), a foreign limited liability company, and TPG Hotels & Resorts, Inc. a/k/a TPG Hospitality ("TPG"), a foreign corporation, (collectively referred to as "Defendants") and alleges as follows:

## NATURE OF ACTION

1.      Plaintiff brings this lawsuit against her former employers, Defendants, for engaging in illegal, discriminatory and retaliatory conduct in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq*. (the "FMLA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981a, and the Florida Civil Rights Act of 1992, Florida Statutes 760.01, *et. seq*.  Plaintiff was employed as a "Conference Service Manager" with Defendants.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

Plaintiff became pregnant and requested FMLA leave.  Such FMLA leave was approved by Defendants.  At the conclusion of the approved FMLA leave, Plaintiff returned to work.  The very day Plaintiff returned to work from FMLA leave, Defendants decided to terminate Plaintiff, and they completed such termination a few days later.  Plaintiff seeks reinstatement and damages, both compensatory and punitive, for the violations alleged herein.

## PARTIES, JURISDICTION & VENUE

2.       Plaintiff is *sui juris* and a resident of Miami-Dade County, Florida.

3.       Defendant, Pullman, is incorporated in the State of Delaware, and at all material times relevant to this action, has been authorized to do business in the State of Florida.  Defendant's principal place of business is located at 2140 South Dupont Highway, Camden, Delaware 19934. Plaintiff Pullman operates under various fictitious names, both registered and unregistered, in Florida.

4.       Defendant, TPG, is incorporated in the State of Delaware, and at all material times relevant to this action, has been authorized to do business in the State of Florida.  Defendant TPG's principal place of business is located at 2140 South Dupont Highway, Camden, Delaware 19934.

5.       Based upon information and belief, Defendant Pullman is the owner and operator of the "Pullman Miami Airport Hotel" located at 5800 Blue Lagoon Drive, Miami, Florida 33126 ("Hotel"), while Defendant TPG manages the Hotel.

6.       Defendants are affiliated or successor entities related to the operation, ownership, and management of the Hotel.

7.       This Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331 in that action asserted herein arises under the laws of the United States.

8.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because- (i) Defendants own, operate, and manage the Hotel within said judicial district; and, (ii) a substantial part of the events and omissions giving rise to the claims asserted herein occurred exclusively within said judicial district.

9.      All conditions precedent to the bringing and maintenance of this action have either occurred, been excused, or otherwise waived by Defendants.

10.     Plaintiff has retained the undersigned law firm in connection with this case and is obligated to pay said firm a fee.

## GENERAL ALLEGATIONS

**A.      Plaintiff's Employment with Defendants, Pregnancy and FMLA Leave.**

11.     On or about October 24, 2016, Plaintiff was hired by Defendants as an employee for the position of Conference Service Manager in the Sales and Marketing Department at the Hotel.  At all times material hereto, Plaintiff faithfully, diligently and competently discharged her employment duties as Conference Service Manager.

12.     In or about August of 2018, Plaintiff requested leave under the FMLA due to the impending birth of her child.

13.     Plaintiff's request for FMLA leave was made at least thirty (30) days before the FMLA leave was scheduled to begin.

14.     Defendants approved Plaintiff's FMLA leave request.

15.     Plaintiff commenced her approved FMLA leave in or about November of 2018.

16.     On or about January 24, 2019, while on FMLA leave, Plaintiff requested the opportunity to work part-time or remotely for a short period of time once her FMLA leave expired.

17.     In response to Plaintiff's request, Emma Baly, the Director of Human Resources for the Hotel, consulted with Dan McDermott, the General Manager of the Hotel, and Adam Leon, the Director of Sales and Marketing of the Hotel.  Emma Baly advised Plaintiff, in writing, that the demands of the position of Conference Service Manager would not permit any opportunity to work part-time or remotely.

18.     Plaintiff confirmed, via email, to Defendants that she would return to work full-time at the Hotel at the conclusion of her approved FMLA leave.  Emma Baly responded by saying "Great News!  Thank you for letting us know."

19.     On or about February 6, 2019, Emma Baly and Adam Leon contacted Plaintiff via telephone.  During this call, Defendants once again reminded Plaintiff of the full-time demands of the position of Conference Service Manager, and they requested assurance from Plaintiff that she could meet the demands of a full-time position.  Plaintiff assured Defendants on this telephone call that she could meet the demands of the full-time position, and Plaintiff again reconfirmed to Defendants that she would return full-time at the conclusion of her FMLA leave.  Defendants verified that Plaintiff would be reinstated to her position upon return from FMLA leave.

**B.     Plaintiff's Return to Work and Termination.**

20.     On or about Monday, February 11, 2019, Plaintiff returned to work at the Hotel full-time as the Conference Service Manager.  The very same day, Emma Baly, the Hotel's Director of Human Resources, and Dan McDermott, the General Manager of the Hotel, prepared a "Reduction in Force Request Form" ("RIF").  According to the RIF, Plaintiff's position was the only position to be eliminated at the Hotel.  Such RIF was prepared as a pretext for the unlawful termination of Plaintiff.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

21.     Later the same day, Dan McDermott emailed the RIF to Nicholas Bilotta, Senior Vice President of Operations of TPG, to obtain approval of Plaintiff's termination.  Nicholas Bilotta approved Plaintiff's termination and emailed the RIF to Dara Morreo, Vice President of Human Resources of TPG, for approval.  The same day, Dara Morreo, in turn, approved Plaintiff's termination.

22.     Nicholas Bilotta immediately emailed Dan McDermott and told him to notify Plaintiff of her termination on February 15, 2019.

23.     On February 15, 2019, Plaintiff was notified of her termination during a meeting with Emma Baly, Dan McDermott and Adam Leon.  During such termination meeting, Plaintiff was advised that the "new ownership" of the Hotel decided to terminate her and that it had nothing to do with any performance issues because Plaintiff was very talented.  At the conclusion of this termination meeting, Plaintiff was given a "Letter of Good Standing" confirming that she was not terminated for any performance issues.

24.     No other Hotel employees were terminated on February 15, 2019.

25.     In conjunction with terminating Plaintiff's employment, Defendants terminated Plaintiff's company-paid group health benefits/insurance the same day – February 15, 2109.  Such termination of insurance meant that she had no medical insurance coverage for herself or her newborn infant as of the date of her termination.  The immediate loss of such insurance caused considerable humiliation, embarrassment, and mental anguish and suffering to Plaintiff, due to the stress of worrying that her newborn infant did not have medical insurance coverage to address immediate medical needs.

26.     As of February 15, 2019, there was an open position at the Hotel in catering sales, and Plaintiff was qualified for that position.  Defendants failed to offer Plaintiff this open position.

## -COUNT I-
## (FMLA INTERFERENCE)

Plaintiff sues Defendants and alleges as follows:

27.     Plaintiff re-alleges and reincorporates paragraphs 2 through 26 as though fully set forth herein.

28.     Defendants were both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

29.     Defendants, jointly and severally, were Plaintiff's direct employers, joint employers and/or co-employers for purposes of the FMLA, as the term "employer" is defined by 29 C.F.R. § 825.106.   Alternatively, Defendants are integrated employers for purposes of the FMLA.

30.     Defendants qualify as an employer under the FMLA.

31.     Plaintiff was eligible for FMLA leave.

32.     Plaintiff was entitled to leave under the FMLA for a qualifying reason.

33.     Plaintiff gave proper notice to Defendants of the need for FMLA leave.

34.     Plaintiff took FMLA leave.

35.     Under 29 U.S.C. § 2614(a)(1), Plaintiff was entitled to be restored to her position as Conference Service Manager (with its corresponding benefits) or an equivalent position (with equivalent pay and benefits) upon return from FMLA leave.

36.     Defendants interfered with Plaintiff FMLA's right under 29 U.S.C. § 2614(a)(1), by failing to restore Plaintiff to her position as Conference Service Manager or an equivalent position.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

37. Defendants' interference with Plaintiff's FMLA rights violated 29 U.S.C. § 2615(a)(1).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a judicial declaration that Defendants are liable under the FMLA, 29 U.S.C. § 2617(a), for all past, present and future lost wages, employment benefits and other costs incurred by Plaintiff in connection with Plaintiff's termination of employment by Defendants.

B. Award Plaintiff statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. § 2617(a)(1)(A)(ii);

C. Award Plaintiff additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Award Plaintiff equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B); and,

E. Award Plaintiff attorney's fees and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

## -COUNT II-
## (FMLA RETALIATION)

Plaintiff sues Defendants and alleges as follows:

38. Plaintiff re-alleges and reincorporates paragraphs 2 through 26 as though fully set forth herein.

39. Defendants were both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

40.     Defendants, jointly and severally, were Plaintiff's direct employers, joint employers and/or co-employers for purposes of the FMLA, as the term "employer" is defined by 29 C.F.R. § 825.106.   Alternatively, Defendants are integrated employers for purposes of the FMLA.

41.     Defendants qualify as an employer under the FMLA.

42.     Plaintiff was eligible for FMLA leave.

43.     Plaintiff gave proper notice to Defendants of the need for FMLA leave.

44.     Plaintiff was entitled to leave under the FMLA for a qualifying reason.

45.     Plaintiff took FMLA leave.

46.     Plaintiff engaged in FMLA protected activity.

47.     The very day that Plaintiff returned to work from FMLA leave, Defendants decided to terminate Plaintiff, and Plaintiff was terminated a few days later.

48.     Defendants terminated Plaintiff because she exercised her right to take FMLA leave.

49.     Defendants intentionally discriminated against Plaintiff for exercising her FMLA rights.

50.     Defendants' discrimination against Plaintiff violated 29 U.S.C. § 2615(a)(2).

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Issue a judicial declaration that Defendants are liable under the FMLA, 29 U.S.C. § 2617(a), for all past, present and future lost wages, employment benefits and other costs incurred by Plaintiff in connection with Plaintiff's termination of employment by Defendants.

B.      Award Plaintiff statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. § 2617(a)(1)(A)(ii);

C.      Award Plaintiff additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D.      Award Plaintiff equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B); and,

E.      Award Plaintiff attorney's fees and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

### -COUNT III-
### (VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

Plaintiff sues Defendants and alleges as follows:

51.      Plaintiff re-alleges and reincorporates paragraphs 2 through 26 as though fully set forth herein.

52.      At all relevant times, Defendants have continuously been doing business in Miami, Florida, have continuously had at least 15 employees, and have been an employer within the meaning of 42 U.S.C. §§2000e(b), (g) and (h).

53.      Defendants operate as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, the interrelations of their finances, the centralized control over their labor relations, their common ownership, their successor liability and/or their delegated responsibility.

54.      Defendants violated Title VII by discriminating against Plaintiff, as outlined above, on the basis of sex.

55.     Based upon the intent and purpose of the February 6, 2019 telephone call discussed above, Defendants believed that Plaintiff could not meet the demands of her position as Conference Service Manager due to her care-taking responsibilities.

56.     At all times relevant to the Complaint, Defendants engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2 by wrongfully terminating Plaintiff because of her sex.

57.     The unlawful employment practices complained of herein were intentional.

58.     The unlawful employment practices, complained of herein, were done with malice or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Order Defendants to make whole Plaintiff, who was wrongfully terminated on the basis of her sex, by providing appropriate lost wages and back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof;

B.      Order Defendants to make whole Plaintiff, who was wrongly terminated on the basis of her sex by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this action including, but not limited to, relocation expenses, job search expenses, medical expenses, penalties for defaulting on loans, moving expenses and the like, in amounts to be determined at trial;

C.      Order Defendants to make whole Plaintiff, who was wrongly terminated on the basis of her sex by providing compensation for past and future nonpecuniary losses

resulting from the unlawful practices complained of in this action including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in amounts to be determined at trial;

D.   Order Defendants to pay Plaintiff, who was wrongly terminated on the basis her sex, punitive damages for Defendants' malicious and reckless conduct, as described in this action, in amounts to be determined at trial;

E.   Award Plaintiff her attorneys' fees and costs of this action pursuant to 42 U.S.C. §1988; and,

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

## -COUNT IV-
## (UNLAWFUL EMPLOYMENT PRACTICES UNDER § 760.10, FLORIDA STATUTES)

Plaintiff sues Defendants and alleges as follows:

59.   Plaintiff re-alleges and reincorporates paragraphs 2 through 26 and 51 through 52 as though fully set forth herein.

60.   Count IV is a state law claim for damages brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et. seq*.

61.   Section 760.10(1), Florida Statutes, reads in applicable part:  "[i]t is an unlawful employment practice for an employer:   (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's …. sex…"

62.   At all times material hereto, Defendants engaged in unlawful employment practices in violation of Fla. Stat. § 760.10.

63.     By subjecting Plaintiff to discriminatory employment practices, Defendants acted with intent, malice and with reckless disregard for Plaintiff's protected rights under state and federal law.

64.     The unlawful employment practices, complained of herein, were done despite Plaintiff's qualifications for the job.

65.     Defendants treated Plaintiff differently than those outside Plaintiff's protected class.

66.     As a direct and proximate cause of Defendants' intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Order Defendants to make whole Plaintiff, who was wrongfully discharged or terminated, by providing appropriate lost wages and back pay, with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof;

B.      Order Defendants to make whole Plaintiff, who was wrongly discharged or terminated, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this action including, but not limited to, relocation expenses, job search expenses, medical expenses, penalties for defaulting on loans, moving expenses and the like, in amounts to be determined at trial;

C.      Order Defendants to make whole Plaintiff, who was wrongly discharged or terminated, by providing compensation for past and future nonpecuniary losses

resulting from the unlawful practices complained of in this action including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in amounts to be determined at trial;

D.      Order Defendants to cancel and expunge all unwarranted personnel action and any adverse materials relating to the Defendants' discriminatory practices;

E.      Order Defendants to pay Plaintiff, who was wrongly discharged or terminated, punitive damages for Defendants' malicious and reckless conduct, as described in this action, in amounts to be determined at trial;

F.      Award Plaintiff any relief allowable pursuant to Fla. Stat. § 760.11(5);

G.      Award Plaintiff her attorneys' fees and costs of this action pursuant to Fla. Stat. § 760.11(5); and,

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.


**[REMAINDER OF THE PAGE LEFT INTENTIONALLY BLANK]**

Respectfully submitted,

THE ALDERMAN LAW FIRM
*Attorneys for Plaintiff*
9999 NE 2nd Avenue, Suite 211
Miami Shores, Florida 33138
Telephone: 305-200-5473
Facsimile: 305-200-5474
E-Mail:jalderman@thealdermanlawfirm.com
       kjohnson@thealdermanlawfirm.com

By: */s/ Kristy M. Johnson*
        Jason R. Alderman
        Florida Bar No. 172375
        Kristy M. Johnson
        Florida Bar No. 144282
        Troy A. Tolentino
        Florida Bar No. 117981